## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JSDQ MESH TECHNOLOGIES LLC,<br><br>                   Plaintiff,<br><br>  v.<br><br>BELAIR NETWORKS INC.; BELAIR NETWORKS, CORP.; ERICSSON INC.; ERICSSON HOLDING II INC.; TELEFONAKTIEBOLAGET LM ERICSSON; and ERICSSON CANADA INC.,<br><br>                   Defendants. | Civil Action No.:<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff JSDQ Mesh Technologies LLC complains of Defendants BelAir Networks Inc.; BelAir Networks, Corp.; Ericsson Inc.; Ericsson Holding II Inc.; Telefonaktiebolaget LM Ericsson; and Ericsson Canada Inc. (collectively, "Defendants") as follows:

### NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2. JSDQ Mesh Technologies LLC ("JSDQ") is a Delaware limited liability company with its principal place of business at 401 Lake Avenue, Round Lake Beach, Illinois 60073.

3. JSDQ is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,916,648, entitled "Method of Call Routing and Connection," which issued on March 29, 2011 (the "'648 Patent") (a true and correct copy is attached as Exhibit A); United States Patent No. 7,286,828, entitled "Method of

Call Routing and Connection," which issued on October 23, 2007 (the "'828 Patent") (a true and correct copy is attached as Exhibit B); and United States Patent No. 6,873,848, entitled "Method of Call Routing and Connection," which issued on March 25, 2005 (the "'848 Patent") (a true and correct copy is attached as Exhibit C).

4. Defendant BelAir Networks Inc. is a Canadian corporation with a registered office at 8400 Decarie Boulevard, Mount-Royal, Quebec H4P 2N2, Canada. BelAir Networks Inc. lists its headquarters at 603 March Road, Kanata, Ontario K2K 2M5, Canada. BelAir Networks Inc. also lists its office at 3800 Concorde Parkway, Suite 1500, Chantilly, Virginia 20151.

5. Defendant BelAir Networks, Corp. is a Delaware corporation with the registered agent The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801. BelAir Networks, Corp. was also registered in Virginia (the current status is listed as "Revoked") as a foreign corporation with its principal office at 3800 Concorde Parkway, Suite 1500, Chantilly, Virginia 20151. The 2010 Annual Report filed with the Commonwealth of Virginia lists the directors and principal officers of BelAir Networks, Corp. at 603 March Road, Kanata, Ontario K2K 2M5, Canada.

6. Defendant Ericsson Inc. is a Delaware corporation with the registered agent National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904. Ericsson Inc. maintains its principal office at 6300 Legacy Drive, Plano, Texas 75024.

7. Defendant Ericsson Holding II Inc. is a Delaware corporation with the registered agent Capitol Services, Inc., 1675 South State Street, Suite B, Dover, Delaware 19901. Upon information and belief, Ericsson Inc. is wholly-owned by Ericsson Holding II Inc.

8. Defendant Telefonaktiebolaget LM Ericsson is a corporation organized under the

laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden. Upon information and belief, Ericsson Holding II Inc. is wholly-owned by Telefonaktiebolaget LM Ericsson. Upon further information and belief, Telefonaktiebolaget LM Ericsson is publicly held and trades in the United States through American Depository Receipts under the name LM Ericsson Telephone Company.

9. Defendant Ericsson Canada Inc. is a Canadian corporation with a registered office at 8400 Decarie Boulevard, Mount-Royal, Quebec H4P 2N2, Canada. Ericsson Canada Inc. lists an office at 3500 Carling Ave., Ottawa, Ontario K2H 4E9, Canada.

10. Defendants BelAir Networks Inc. and BelAir Networks, Corp. (collectively, "BelAir") provide wireless radio mesh network equipment and services to a variety of customers.

11. Defendants Telefonaktiebolaget LM Ericsson, Ericsson Holding II Inc., Ericsson Inc., and Ericsson Canada Inc. (collectively, "Ericsson") provide telecommunications equipment and serves to a variety of customers. Over 1,000 networks in more than 180 countries use Ericsson network equipment, and more than 40 percent of the world's mobile traffic passes through Ericsson networks.

12. Ericsson acquired BelAir with the acquisition announced as complete on April 2, 2012. Through the acquisition, Ericsson acquired 100% stake of BelAir and Ericsson remains committed to supporting BelAir's customers. BelAir will be co-located with Ericsson's Ottawa office. Pursuant to the acquisition, BelAir will be integrated into the Ericsson group in business unit Networks and will work under the Ericsson brand.

## JURISDICTION AND VENUE

13. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

14.     Personal Jurisdiction over defendants is proper in this Court. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## THE ACCUSED SYSTEMS

15.     Defendants infringe the patents-in-suit through the manufacture, use, offer for sale and/or sale of wireless radio mesh products, services and solutions that include, but are not limited to, the GigXone architecture and components associated therewith (the "Accused Systems").

16.     Upon information and belief, the GigXone architecture encompasses several applications and includes at least the "Cell Site Co-Lo/Underlay," "City Hotzone (Mesh)," "City Hotzone (HFC)," "Large Venue," and "Small Venue" applications.

## INFRINGEMENT OF U.S. PATENT NO. 7,916,648

17.     Defendants directly infringe at least independent claim 29 of the '648 Patent through the manufacture, use, offer for sale and/or sale of the Accused Systems.

18.     Defendants' Accused Systems provide radio communication routes among individual nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 29 of the '648 Patent.

19.     Defendants' Accused Systems perform each of the limitations of claim 29 of the '684 Patent by (a) establishing radio links between pairs of nodes without regard to their relative locations; (b) measuring values of a parameter of radio signals; (c) transmitting radio signals with routing messages; (d) selecting a preferred multi-link route segment; (e) transmitting a radio signal with a routing message identifying a preferred route segment; and (f) assembling a radio communication route between an originating node and a destination node.

20.     Alternatively, Defendants indirectly infringe at least independent claim 29 of the '648 Patent by inducing others' direct infringement through their use of the Accused Systems.

To the extent Defendants are not the only direct infringers of the '648 Patent, users of Defendants' Accused Systems would constitute direct infringers. Defendants have notice of the '648 Patent and the infringement thereof at least as of the filing of this Complaint. Upon information and belief, Defendants provide support services to customers with the specific intent that customers will use the Accused Systems in a manner that infringes the '648 Patent.

### INFRINGEMENT OF U.S. PATENT NO. 7,286,828

21.    Defendants infringe at least independent claim 68 of the '828 Patent through the manufacture, use, offer for sale and/or sale of the Accused Systems.

22.    Defendants' Accused Systems provide wireless communication routes among individual nodes distributed to form a mesh throughout an area covered by the wireless communication system, in accordance with the limitations of claim 68 of the '828 Patent.

23.    Defendants' Accused Systems perform each of the limitations of claim 68 of the '828 Patent by (a) establishing wireless links between pairs of routing nodes using wireless signals; (b) storing routing messages; (c) selecting a routing message using a parameter of received wireless signals; (d) modifying a selected routing message; (e) deleting some routing messages; (f) retransmitting modified routing messages; and (g) assembling preferred wireless links into an optimum communication route.

24.    Alternatively, Defendants indirectly infringe at least independent claim 68 of the '828 Patent by inducing others' direct infringement through their use of the Accused Systems. To the extent Defendants are not the only direct infringers of the '828 Patent, users of Defendants' Accused Systems would constitute direct infringers. Defendants have notice of the '828 Patent and the infringement thereof at least as of the filing of this Complaint. Upon information and belief, Defendants provide support services to customers with the specific intent

that customers will use the Accused Systems in a manner that infringes the '828 Patent.

## INFRINGEMENT OF U.S. PATENT NO. 6,873,848

25. Defendants infringe at least independent claim 2 of the '848 Patent through the manufacture, use, offer for sale and/or sale of the Accused Systems.

26. Defendants' Accused Systems provide radio communications routes within a radio communications system of a plurality of nodes, in accordance with the limitations of claim 2 of the '848 Patent.

27. Defendants' Accused Systems perform each of the limitations of claim 2 of the '848 Patent by (a) initiating routes at an arbitrary source, with each route having a selected destination and not having to go through a common point; (b) positioning the nodes in selected patterns; (c) enabling radio links between nodes; (d) transmitting routing messages between nodes; (e) establishing routes through multiple nodes; (f) developing routes by combining multiple links; (g) and choosing a route over other routes such that the chosen route has all of its links with a higher minimum signal strength.

28. Alternatively, Defendants indirectly infringe at least independent claim 2 of the '848 Patent by inducing others' direct infringement through their use of the Accused Systems. To the extent Defendants are not the only direct infringers of the '848 Patent, users of Defendants' Accused Systems would constitute direct infringers. Defendants have notice of the '848 Patent and the infringement thereof at least as of the filing of this Complaint. Upon information and belief, Defendants provide support services to customers with the specific intent that customers will use the Accused Systems in a manner that infringes the '848 Patent.

29. To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

30. Defendants' direct and/or indirect infringement as described above has injured and will continue to injure JSDQ as long as such infringement continues. JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JSDQ Mesh Technologies LLC respectfully requests this Court to enter judgment against each of the Defendants and against each of their respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. The entry of judgment in favor of Plaintiff and against Defendants;

B. An award of damages against Defendants adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C. A finding that this case is exceptional and an award to Plaintiff of its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction prohibiting further infringement of the asserted patents; and

E. Such other relief to which Plaintiff is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

Dated: July 5, 2012

Of Counsel:
Timothy J. Haller
Daniel R. Ferri
Gabriel I. Opatken
NIRO, HALLER & NIRO
181 W. Madison St., St. 4600
Chicago, IL 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
haller@nshn.com
dferri@nshn.com
gopatken@nshn.com

 */s/ George Pazuniak*
George Pazuniak (DE Bar No. 00478)
Pazuniak Law Office
1201 Orange Street,
7th floor, Suite 7114
Wilmington, DE 19801
Phone: (302) 478-4230
GP@del-iplaw.com


*Attorneys for Plaintiff,*
*JSDQ Mesh Technologies LLC*